IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| eTOOL DEVELOPMENT, INC., and eTOOL PATENT HOLDINGS CORP., <br> Plaintiffs, <br><br> v. <br><br> NATIONAL SEMICONDUCTOR CORPORATION, <br> Defendant. | CIVIL ACTION NO. 2-08-cv-196-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant National Semiconductor Corporation's ("National") Motion to Transfer Venue to the Northern District of California. [Dkt. No. 80] After considering the parties' arguments and the applicable law, the Court is of the opinion that National's motion should be DENIED.

### I.  Background

Plaintiffs eTool Development, Inc. and eTool Patent Holdings Corp. (collectively "eTool") filed this lawsuit on May 9, 2008, asserting infringement of U.S. Patent No. 7,113,919 ("the '919 patent") against National's WEBENCH and SOLUTIONS tools ("accused products"). National filed this motion to transfer venue on January 7, 2010. The Court entered a docket control order in this case on March 19, 2009, which scheduled the *Markman* hearing on August 17, 2011 and trial in January 2012.

National is a Delaware corporation with its principal place of business in Santa Clara, California. eTool is a Delaware corporation with its principal place of business in Irving, Texas.

### II.  Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §

1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those for *forum non conveniens* dismissals, which include both public and private interest factors. *Id. at 315 (citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963))*. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.

2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id. (citing Action *Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## A. Discussion

### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

Marshall, Texas is about 1,600 miles from San Jose, California. eTool's location in Irving, Texas is about 160 miles from Marshall, Texas. National's location in Santa Clara is within the

Northern District of California and roughly 5 miles from the San Jose courthouse. Neither party has an office within the Eastern District of Texas. The majority of the party witnesses are located at National's headquarters in San Jose, California. Other party witnesses are scattered around the country, with two in Seattle, Washington, one in North Carolina, and another Pennsylvania. None of the parties' witnesses are located within the Eastern District of Texas. The Court is of the opinion that the Northern District of California is more convenient to the parties.

The non-party witnesses are also scattered around the country. They live in California, Pennsylvania, Louisiana, Florida, Pennsylvania, Massachusetts, Michigan, Oregon, Oklahoma, and Minnesota. None of the identified non-party witnesses reside in the Eastern District of Texas. As neither party has identified any witnesses within the Eastern District of Texas, the centrality of the Court's location is irrelevant to the analysis in this case, in light of *In re Genentech*. *See In re Genentech*, 566 F.3d at 1344. Based upon the fact that a number of the non-party witnesses are in the Northern District of California, whereas none are located in the Eastern District of Texas, the Court finds that Northern District of California is more convenient for the non-party witnesses. Therefore, taking all witnesses and parties into consideration, this factor weighs in favor of transfer.

### 2. The Relative Ease of Access to Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.*

Much of the relevant evidence will be located at National's headquarters in Santa Clara, California. The accused products were developed and maintained in Santa Clara and all of National's documents are located in the Northern District of California. The parties have not

identified any relevant evidence that is is located in the Eastern District of Texas. This factor weighs in favor of transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

With respect to compulsory process, the facts of this case are similar to *In re Genentech*. "[T]here is a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas. The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech*, 566 F.3d at 1345. As the Northern District of California has subpoena power over a number of non-party witnesses whereas the Eastern District of Texas has no subpoena power, this factor weighs in favor of transfer.

### B. Public Interest Factors

### 1. Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

### 2. Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue that the Eastern District of Texas has little connection to this case whereas the Northern District of California has a strong connection, given

that National's offices are located there and National employs over 1,320 employees in Santa Clara. The Court agrees. *See Volkswagen II*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case); *accord In re TS Tech*, 551 F.3d at 1321. This factor weighs in favor of transfer.

### 3. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the Northern District of California are both capable of applying patent law to infringement claims. This factor is neutral as to transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

### 5. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

The Fifth Circuit requires that parties file a motion to transfer venue with "reasonable promptness." *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). National

waited nearly two years to file this motion, during which time the parties engaged in considerable negotiations, discovery, document production, and have exchanged invalidity and infringement contentions. While this case has not progressed as claim construction, the parties and the Court have expended substantial resources and the Court has become familiar with the issues in the case. *See In re VTech Communications, Inc.*, 2010 WL 46332 (Fed. Cir. 2010). Transferring this case now would impose upon eTool the burden of hiring new counsel in California who would then duplicate previously expended efforts developing an intimate familiarity with the facts and issues of the case. Moreover, the already-burden judicial system will have wasted time developing familiarity with the case. Furthermore, eTool argues that it would lose the currently-set *Markman* and trial dates, delaying them for at least a year or more. That would result in a time-to-trial of about 5 years. National has not shown that it was reasonably prompt when filing its motion to transfer venue. In light of the amount of resources already consumed and likely to be duplicated should the case be transferred to the Northern District of California, the Court finds that the interests of justice weigh heavily against transfer.

### III. Conclusion

For the reasons stated above, National has failed to satisfy its burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, National's Motion is DENIED.

It is so ORDERED.

SIGNED this 12th day of March, 2010.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE